# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**HOSPICE OF SOUTHERN WEST VIRGINIA, Inc.,**
**Employer Below, Petitioner**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-184**       (JCN: 2023007033)

**MELISSA WHITNEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Hospice of Southern West Virginia, Inc. ("HSWV") appeals the May 2, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Melissa Whitney filed a response.[1] HSWV did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Ms. Whitney a 3% permanent partial disability ("PPD") award, and instead granted her an additional 10% PPD award, for a total PPD award of 13%.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Whitney submitted an Employees' and Physicians' Report of Occupational Injury or Disease dated September 25, 2022, indicating that she sustained an injury to her back on September 24, 2022, from catching a falling patient. The physician's section, completed by a provider at MedExpress, indicates that Ms. Whitney sustained a lumbar strain and lumbar radiculopathy as a direct result of an occupational injury. On the same day, Ms. Whitney underwent an x-ray of her lumbar spine, which revealed no significant abnormality.

The claim administrator issued an order dated September 30, 2022, holding the claim compensable for sprain of the lumbar spine. On October 25, 2022, Ms. Whitney underwent an MRI of the lumbar spine, revealing mild osteoarthritic lumbar vertebral body lipping and facet hyperostosis.

---

[1] HSWV is represented by James W. Heslep, Esq. Ms. Whitney is represented by G. Patrick Jacobs, Esq.

1

Ms. Whitney was seen by Rajesh V. Patel, M.D., on March 11, 2024, for pain in her lower back and groin. The assessment was right hip labral tear, right hip pain, status post right sacroiliac ("SI") fusion, and groin pain. Dr. Patel's interpretation of the right hip MRI was that it represented a labral tear, which would explain Ms. Whitney's groin pain. Dr. Patel found no significant nerve root impingement in Ms. Whitney's lower back.

On March 15, 2024, Ms. Whitney was evaluated by Austin Nabet, D.O., who opined that Ms. Whitney had reached maximum medical improvement ("MMI") from the compensable injury. Dr. Nabet reported that there was no objective abnormal evidence to support a diagnosis beyond a right hip strain. Based upon the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*") and Code of State Rules § 85-20 (2006) ("Rule 20"), Dr. Nabet opined that Ms. Whitney had no whole person impairment ("WPI") to the lumbar spine, 1% WPI for the SI joint fusion, and 2% WPI for the right hip, for a total combined WPI of 3% related to the compensable injury.

On March 20, 2024, the claim administrator issued an order adding an unspecified sprain of the left hip,[2] and fusion of the spine at the lumbar region as compensable conditions. On April 5, 2024, the claim administrator issued an order granting Ms. Whitney a 3% PPD award based on Dr. Nabet's report. Ms. Whitney protested this order.

Ms. Whitney was evaluated by Bruce Guberman, M.D., on June 11, 2024. Ms. Whitney reported pain in the lumbar region with radiation into her right groin and the anterolateral aspect of the right leg to the top of the right foot and the right great toe; pain in her right hip and leg; and numbness and tingling. Ms. Whitney further reported that she injured her low back in 2017 and has had intermittent low back pain ever since. Dr. Guberman assessed chronic post-traumatic musculoligamentous strain of the lumbosacral spine with aggravation of pre-existing degenerative joint and disc disease following an injury occurring at work on September 24, 2022, right sacroiliitis with right SI joint fusion, and chronic post-traumatic strain of the right hip with possible labral tear. Dr. Guberman opined that Ms. Whitney had reached MMI for the compensable injuries. Using the *Guides* and Rule 20, Dr. Guberman opined that Ms. Whitney had 8% WPI for the lumbar spine, 1% WPI for the SI joint fusion, and 4% WPI for the right hip, for a total combined WPI of 13% related to the compensable injury.

On July 23, 2024, Ms. Whitney was deposed, and she testified that she injured her back, groin, right leg, and right hip on September 24, 2022. Ms. Whitney testified that she had a prior back injury in 2017; however, she stated that from September 24, 2021, to September 24, 2022, she had no medical issues with her low back.

_____

[2] The medical records establish that the claimant injured her <u>right</u> hip.

2

Ms. Whitney was evaluated by David Soulsby, M.D., on October 2, 2024. Dr. Soulsby opined that Ms. Whitney sustained the lumbar sprain/strain and right sacroiliac sprain as a result of the compensable injury. However, Dr. Soulsby attributed the right hip labral tear to degenerative changes. Dr. Soulsby found that Ms. Whitney had reached MMI for the compensable injuries. Based upon the *Guides* and Rule 20, Dr. Soulsby opined that Ms. Whitney had a WPI of 8% of the lumbar spine and a WPI of 1% for the SI joint fusion for a total combined WPI of 9% due to the compensable injury. Dr. Soulsby did not rate the right hip because he believed that the labral tear was unrelated to the compensable incident and that the hip had not been accepted as part of the claim.

On May 2, 2025, the Board reversed the claim administrator's order granting Ms. Whitney a 3% PPD award and granted her an additional 10% PPD, for a total of a 13% PPD award. The Board found that the preponderance of the evidence established that Ms. Whitney had 13% WPI related to her compensable injuries. The Board further found that Dr. Guberman's report was the only reliable report. HSWV now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

HSWV argues that the right hip injury has not been accepted as a compensable component of the claim.

Here, the Board found that Ms. Whitney established with medical evidence that she has 13% WPI related to the compensable injury. Further, the Board found that Dr. Nabet's

3

finding of no WPI for the lumbar spine was an outlier and therefore, his report was not reliable. The Board noted that Dr. Soulsby did not rate the compensable right hip component of the claim and, thus, also found that his report was not reliable. Ultimately, the Board found that the only remaining report rating Ms. Whitney's WPI, Dr. Guberman's report, was reliable and persuasive.

HSWV argues that there is no compensable right hip injury. However, we note, as did the Board, that even though a left hip injury was held compensable, the medical evidence establishes that the compensable injury was to the right hip. The Board noted the employer's clerical error when it emphasized that the compensable injury was to the right hip and not the left hip. We agree with the Board that Ms. Whitney should not be punished for the claim administrator's apparent clerical error. Further, we note that Dr. Nabet included a 2% WPI for the right hip in his impairment calculation, and the claim administrator based its April 5, 2024, order on this impairment rating. For these reasons, we find no merit in HSWV's argument.

Upon review, we conclude that the Board was not clearly wrong in finding that the preponderance of the medical evidence establishes that Ms. Whitney sustained a 13% WPI related to her compensable injuries. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order and granting Ms. Whitney a total PPD award of 13%.

Accordingly, we affirm the Board's May 2, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White